**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THE CINCINNATI INSURANCE
COMPANY,

          Plaintiff,

v

VOLTANO, LLC and MILLER
INDUSTRIES REPRESENTATIVES
LLC d/b/a MILLER INDUSTRIES,
LLC,

          Defendants.

Case No. 25-10508
Hon.

---

**EDWARD E. SALAH (P36624)**
Attorney for Plaintiff
2855 Coolidge Highway, Suite 201
Troy, Michigan 48084-3216
(248) 614-9200 / Fax: (248) 614-9252
*Edward_Salah@staffdefense.com*
*Theresa_Radcliffe@staffdefense.com*

---

*There is another civil action involving some of these parties and the same transaction or occurrence alleged in this complaint pending in Genesee County Circuit Court bearing case number 2022-118104-CB and is assigned to the Honorable Judge Celeste D. Bell.*

## COMPLAINT

Now comes the Plaintiff, The Cincinnati Insurance Company, by and through its attorney, Edward E. Salah, and for its complaint for declaratory relief, states:

**PARTIES**

1. Plaintiff, The Cincinnati Insurance Company, (hereafter referred to as "Cincinnati") is a foreign corporation authorized to do business in the State of Michigan and doing business in the State of Michigan including the County of Genesee, State of Michigan.

2. Defendant, Voltano (hereafter referred to as "Voltano") is believed to be a Michigan corporation authorized to do business in the State of Michigan, and doing business in the County of Genesee, State of Michigan.

3. Defendant, Miller Industries Representatives, LLC d/b/a Miller Industries, LLC (hereafter referred to as "Miller") is believed to be a Michigan corporation, authorized to do business in the State of Michigan, and doing business in the County of Genesee, State of Michigan.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the Defendants for the reason that Defendants conduct, and have conducted, business in the County of Genesee, State of Michigan.

5. The amount in controversy exceeds $25,000.00.

6. This is an action for declaratory judgment brought pursuant to Michigan's Declaratory Judgment Act, MCL 14.321 wherein Cincinnati seeks a

declaration of its rights and legal obligations arising from a contract of insurance entered into between Cincinnati and Miller.

7. There exists an actual controversy regarding the rights of the parties hereto and Plaintiff is entitled to a declaration of its rights under Insurance Policy number EPP 0336484 (hereafter referred as "the Policy") with a Policy period of July 1, 2021 through July 1, 2024.

8. The subject insurance contract was issued and executed in the State of Michigan.

## GENERAL ALLEGATIONS

### THE INSURANCE CONTRACT

9. Cincinnati issued a policy of insurance providing Commercial General Liability coverage (hereinafter "CGL"), Manufacturer's E&O coverage (hereinafter "E&O") and Commercial Umbrella Liability coverage (hereinafter "Umbrella") to named insured Miller, bearing Policy No. EPP 0336484, with a policy period of July 1, 2021 through July 1, 2024 (hereinafter referred to collectively with all renewals as the "Policy").

10. A true and accurate copy of the Policy (liability portions only) is attached as Exhibit "A" and is fully incorporated herein.

### THE CLAIMS

3

11. On or about October 10, 2022, Miller filed suit against Voltano (Genesee County Case Number 22-118104-CB (hereafter referred to as "the underlying action")). In its Complaint, Miller seeks to recover unpaid funds from Voltano for its purchase of two MiFarmPods (self-contained Agricultural Growing Units for Marijuana) from Miller.

12. On January 30, 2023, Voltano filed a First Amended Counter Claim in the Underlying Action against Miller. In its Counter Claim, Voltano alleges that in January 2021, during negotiations for the sale of the MiFarmPods ("pods"), Miller misrepresented the pods' capabilities to grow cannabis and their certification status and safety standards. Voltano further alleges that Miller misrepresented that certain distribution opportunities may come with the sale. Based on these misrepresentations, in March 2021, Voltano purchased two (2) pods from Miller.

13. According to Voltano, the pods were incomplete, unusable and did not confirm to the representations that Miller made during the sales negotiations. Although Miller allegedly agreed to make repairs and adjustments, the pods were still not operational by the promised deadline.

14. Voltano alleges that in 2022, it attempted to grow cannabis crops in the pods, but due to the problems with the pods, it was forced to terminate the crops. Voltano claims that these problems included failed air flow systems, inappropriate

4

roof installation, incorrectly cut flooring, peeling paint allowing rust, improperly mounted rack rails and electric failures.

15. Based on its alleged inability to produce the as promised volume of product, Voltano claims to have lost millions of dollars in revenue. It further alleges to have incurred repair costs for the pods, which even after modifications, do not perform as promised.

16. Based on these allegations, Voltano asserts the following counter claims against Miller:

>Count I – Fraudulent Misrepresentation
>
>Count II – Negligent Misrepresentation
>
>Count III – Breach of Contract
>
>Count IV – Breach of Implied Contract
>
>Count V – Breach of Expressed Warranty
>
>Count VI – Breach of Implied Warranty of Fitness for a Particular Purpose
>
>Count VII – Promissory Estoppel
>
>Count VIII – Unjust Enrichment

EXISTENCE OF A CONTROVERSY

17. Miller has demanded a defense and indemnity from Cincinnati for the claims that Voltano asserted against Miller in the underlying action.

18. Cincinnati has provided a defense to Miller for these claims under a full and complete Reservation of Rights to deny defense and/or indemnity coverage.

19. For one or more of the following reasons, the Policy does not provide coverage to Miller for Voltano's claims against it in the underlying action, and therefore Cincinnati has no obligation to defend or indemnify Miller in the underlying action.

## THE CGL AND UMBRELLA

20. The CGL and Umbrella provide liability coverage for "property damage" caused by an "occurrence". The Policy defines "property damage" as "physical injury to tangible property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured." Some or all of Voltano's damages do not constitute "property damage" as defined by the Policy.

21. The CGL and Umbrella define an "occurrence" as an accident. Voltano's claims are not based on accidental conduct, and therefore do not constitute an "occurrence" under the Policy.

22. The CGL and Umbrella contain exclusions that apply to bar coverage for some or all of Voltano's claims, including exclusions for:

a. "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured;

b. that particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it;

c. "property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard";

d. "property damage" to "your product"; and

e. "property damage" to impaired property, or property that is not physically injured, or which cannot be used or is less useful because of "your product" or "your work".

23. The CGL excludes coverage for "property damage" to that particular part of real property upon which Miller or its subcontractors were performing operations, if the "property damage" arises out of those operations. This exclusion applies to some or all of Voltano's claims.

24. The CGL and Umbrella require that Cincinnati be notified immediately of any claim or suit. While Miller was aware of Voltano's complaints about the pods in September of 2021, Miller did not provide notice to Cincinnati until May 7, 2024, significantly after the underlying action was filed. This late notice constitutes a

7

breach of Cincinnati's Policy, limiting or barring coverage for some or all of Voltano's claims.

### E&O COVERAGE

25. The E&O provides coverage for damages because of a "claim" which results from the insured's negligent act, error or omission or from a defect in material or a product sold or installed by the insured. The E&O defines a "claim" as a demand or "suit" which seeks money damages for "property damage" to "your product", "your work" or "impaired property", which is caused by faulty workmanship, materials or design. Some or all of Voltano's claims asserted against Miller in the underlying action do not fall within this definition and therefore do not trigger coverage under the E&O.

26. Voltano's claims are barred by one or more of the following exclusions under the E&O, which exclude coverage for:

    a. "property damage" to property other than "your product", "your work" or "impaired property";

    b. liability assumed by the insured under any contract or express warranty;.

    c. liability resulting from a delay or failure to complete a contract or project or to complete a contract or project on time;

  d. damages which may reasonably be expected to result from the intentional or criminal acts of an insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended;

  e. liability before you [Miller] have completed "your work",

  f. "property damage" to products still in Miller's physical possession; and

  g. liability arising out of certain architectural, drafting or engineering services, including preparing or approving plans, opinions, reports, surveys, designs or specifications, and supervisory, inspection or engineering services provided by the insured.

27. The E&O requires that Cincinnati be notified immediately of any claim or suit. While Miller was aware of Voltano's complaints about the pods in September or 2021, Miller did not provide notice to Cincinnati until May 7, 2024, significantly after the lawsuit commenced. Such late notice constitutes a breach of Cincinnati's Policy, limiting or barring coverage for the claims.

28. In light of the disparate positions of Cincinnati and Miller regarding Miller's rights to defense and/or indemnity in the underlying action, an actual controversy exists under MCL 14.321. This Court is therefore requested to issue a declaration of the rights and duties of Cincinnati and Miller under the Policy with

respect to the claims asserted against Miller and Miller's request for a defense and indemnity for the same.

29. Voltano is joined pursuant to MCL 14.321 as an entity who claims an interest which would be potentially affected by the requested declaration. Cincinnati is seeking no affirmative relief against Voltano other than to bind it to the outcome of this dispute. Cincinnati is willing to dismiss Voltano from this action if it agrees, by stipulation, to be bound by this Court's judgment.

**WHEREFORE**, Cincinnati respectfully requests this Court issue a declaratory judgment in its favor stating that Cincinnati has no duty under its Policy to defend or indemnify Miller against Voltano's claims in the underlying action.

Cincinnati further prays for its costs, its attorneys' fees, and such other relief to which it may be entitled.

Respectfully submitted,

/s/ **Edward E. Salah**
**EDWARD E. SALAH (P36624)**
Attorney for Plaintiff
2855 Coolidge Highway, Suite 201
Troy, Michigan 48084-3216
(248) 614-9200

Dated: February 21, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2025 my secretary electronically filed the foregoing instrument with the Clerk of the Court using the ECF system, and that a copy was electronically served on all counsel of record via the ECF system and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. Mail.

                                            Respectfully submitted,

                                            /s/ **Edward E. Salah**
                                               EDWARD E. SALAH (P36624)
                                               Attorney for Plaintiff
                                               2855 Coolidge Highway, Suite 201
                                               Troy, Michigan 48084-3216
Dated: February 21, 2025               (248) 614-9200